LINGLE *v.* DALZELL.

1. APPEAL AND ERROR—RECORD—JUDGMENT.

An objection to the review of a case on error because the record contains no judgment is not tenable where the return shows a judgment entry and the bill of exceptions as printed refers to a judgment.

2. PROPERTY—OWNERSHIP—EVIDENDE—SUFFICIENCY.

Testimony by plaintiff and her husband that she bought certain personal property of a corporation, giving the circumstances and consideration, together with a bill of sale by the corporation, the execution of which was proved, is sufficient prima facie to establish title in plaintiff, though record evidence of authority by the corporation to execute the bill of sale was offered and excluded.

3. SAME—NEGATIVE TESTIMONY.

Testimony of witnesses that they had never heard that plaintiff owned the property or of any bill of sale was merely negative and should have been excluded.

Error to Leelanaw; Mayne, J. Submitted June 22, 1905. (Docket No. 49.) Decided September 20, 1905.

Replevin by Jennie M. C. Lingle against John Dalzell. There was judgment for defendant, and plaintiff brings error. Reversed.

*Dwight D. Root*, for appellant.

*Parm C. Gilbert*, for appellee.

HOOKER, J. The plaintiff brought replevin for certain household goods, which the defendant had seized for taxes upon the real estate of the Traverse Beach Association, upon the assumption that the property taken belonged to such association. It is conceded that the only question in the case was whether plaintiff was the owner of the goods, and this question was left to the jury. A verdict was found for the defendant, and the plaintiff has appealed.

It is the contention of the plaintiff's counsel that the undisputed proof shows her ownership; while defendant's counsel says that there was proof to the contrary, and, furthermore, that plaintiff's proof failed to establish such ownership. It is further stated that the record does not embody a judgment, and therefore there is nothing which this court can review upon error. An examination of the return shows a judgment entry, and reference is made to a judgment in the bill of exceptions as printed.

A deposition of the plaintiff contains the statement that she had been the owner of the property since March, 1896, and had possession and control of it since, and paid taxes upon it, and received compensation for its use from the Traverse Beach Association, from whom she purchased it for a substantial consideration. Another deposition of plaintiff's husband contains the statement that

the property was mortgaged by the association to E. P. Bacon for a loan of $1,229.43, and, the note given not being paid, he started to foreclose the mortgage, when the board ordered a sale of the furniture to the plaintiff, who agreed to and did pay the note in consideration thereof, taking a bill of sale therefor. The bill of sale was offered and admitted over defendant's objection that requisite proof of execution was not made; the original bill not being attached to the deposition. There was testimony by Rathbun proving the execution and the seal, and we think this was sufficient to authorize its admission.

It is claimed that there should have been record proof that the bill of sale was authorized. Such proof was offered and excluded. The case stands, therefore, as though there were no such record. The bill of sale was sufficiently proved, and also the consideration paid and the delivery of the property by those having the management of the association's affairs. This was sufficient. We are of the opinion that there was a prima facie case of ownership, and that the defendant offered no proof to the contrary. Several witnesses were allowed to testify that they never heard that plaintiff owned the property, or of any bill of sale of the property. This was negative testimony, and not admissible. The fact that it was used in the hotel was not inconsistent with plaintiff's ownership or her claim. The court should have directed a verdict for the plaintiff.

The judgment is reversed, and a new trial ordered.

McALVAY, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.